**Donna LOMBARDO, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. 78 C 2666.**

United States District Court,
E. D. New York.

Nov. 24, 1980.

Donna Lombardo, pro se.

Edward R. Korman, U. S. Atty., Eastern District of New York, Brooklyn, N. Y. by Michele Coleman Mayes, Asst. U. S. Atty., Brooklyn, N. Y. (Frank V. Smith III, Acting Regional Atty., Dept. of Health & Human Services, New York City, of counsel), for defendant.

## MEMORANDUM OF DECISION AND ORDER

NEAHER, District Judge.

This action to review a denial of Supplemental Security Income (SSI) for which plaintiff had applied was initially referred to a United States Magistrate to review the administrative record, hear the contentions of the parties, and report to the court his recommended disposition of the defendant Secretary's motion for judgment on the pleadings. The matter is now before the court on the Magistrate's report recommending that the case be remanded to the Secretary for the purpose of developing additional evidence on the question of plaintiff's ability to return to her former occupation in light of the medical evidence of record. After an independent searching review of the record, the court agrees that the case should be remanded to the Secretary for the reasons noted below.

In concluding that a remand is necessary, the court is not unmindful of the careful and thorough manner in which the administrative law judge (ALJ) developed the evidence and discussed it in his decision. As will appear, the crucial question in this case is whether the claimant's conceded physical disorder was so productive of pain as to disable her from performing even the sedentary type of work in which she had for-

merly been employed, or some equivalent gainful activity consistent with her age and experience. As the ALJ correctly recognized in his decision:

"Where pain is alleged to be a disabling factor, the question is whether claimant's medical impairments, taken in combination and considered within the framework of her individual physical and mental makeup, cause her to suffer pain of such intensity as to constitute disability. Subjective symptoms of pain must be evaluated with due consideration for credibility, motivation and medical evidence of impairment."

Unfortunately, such an inquiry and evaluation was frustrated in this case by the claimant's failure to appear at her hearing and the ALJ's decision to go forward with the testimony of her mother, rather than adjourn the case and insist upon the claimant's appearance, which he had every right to require.

It would be supererogatory to repeat here the facts and medical evidence as summarized in the ALJ's decision. Suffice it to say that plaintiff Donna Lombardo was 20 years old at the time of her *de novo* hearing on June 9, 1978, had completed the eleventh grade and had passed a high school equivalency examination. About mid–1976 she obtained her first job as a microfilm clerk for an insurance company. In February 1977 she was forced to leave that employment because of the recurrence of a physical disorder which she had experienced a few years before and also at the age of five. Alleging continued physical disability and inability to return to work, and being without income, she filed this application for SSI on September 21, 1977.

The medical evidence establishes beyond dispute that plaintiff suffers from a condition described by the Secretary's own medical expert as "a well documented case of brachial plexitis" also termed "Right brachial plexus neuropathy" (Tr. 109–10). At the ALJ's request, that expert, Dr. Neil C. Brown, reviewed the medical evidence and filed his report in the form of answers to specific interrogatories (Tr. 108–10).

Among other things, Dr. Brown stated that "[p]atients with recurrent neuropathies often do have severe, recurrent and unremitting pain" (*id.*). He added that in his opinion "any disability that is granted to this patient [the claimant] would have to be given on the basis of impairment due to pain" (*id.*). Dr. Brown concluded, however, that "[t]he degree of impairment due to pain that [claimant] has" was not substantiated in the medical records forwarded by the ALJ (*id.*). There was no testimony, of course, from the plaintiff as to the degree of her pain and Dr. Brown did not have the subsequent report of plaintiff's current treating doctor, Dr. Joseph Ransohoff, of the Department of Neurosurgery, New York University School of Medicine (Tr. 117). Dr. Ransohoff, although noting that plaintiff "has made a fairly satisfactory motor recovery from her prior brachial plexus neuritis or neuralgic amyotrophy" (*id.*), opined that she was totally incapacitated as a result of chronic upper extremity pain and it would therefore be impossible for her to hold any type of position. Dr. Ransohoff noted further that plaintiff's condition "is extremely difficult in terms of therapy" (*id.*) and recommended that she be seen by others in the Department of Neurosurgery.

As a treating doctor, Dr. Ransohoff's opinion as to the pain–producing residuals of plaintiff's disorder was entitled to considerable weight. *Bastien v. Califano*, 572 F.2d 908 (2d Cir. 1978). Indeed, none of the other numerous medical reports in the record, including Dr. Brown's, refute or contradict the existence of pain as a result of the disorder in question. What is lacking in this case is plaintiff's own testimony. Obviously, the vicarious declarations by her mother as to plaintiff's pain cannot provide a reliable basis for a credibility evaluation. In the circumstances, and in order to justly determine the merits of plaintiff's claim, a further hearing should be had at which plaintiff herself shall appear and give testimony on the issue of pain in light of the varying expert views on that aspect of the case.

Accordingly, the Secretary's motion for judgment on the pleadings is denied without prejudice and the case is remanded to the Secretary for a further hearing consistent with this decision.

SO ORDERED.